UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ROBERT STEVEN NICKLAY,

    Plaintiff,        Case No. 1:08-cv-328

v.                Honorable Robert J. Jonker

ELIZABETH HOOGSTRA et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This purports to be a civil rights action brought *pro se* by Robert Nicklay against the 56-A District Court and Chief Probation Officer Elizabeth Hoogstra. The Court has granted Plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. *Id.* A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006); *Benzon v. Morgan Stanley Distrib., Inc.,* 420 F.3d 598, 605 (6th Cir.

2005). The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, I conclude that Plaintiff's complaint must be dismissed because both Defendants are clearly immune from suit.

## **Discussion**

Rule 8(a) of the Federal Rules of Civil Procedure requires all complaints to set forth a short and plain statement of the district court's jurisdiction, as well as a short and plain statement of the facts upon which the pleader relies for entitlement to relief. Plaintiff's complaint, which contains no statement of facts but only "interrogatories," does not comply with the requirements of Rule 8. Nevertheless, Plaintiff appears to claim that Defendant Hoogstra included false information in the Pre-Sentence Investigation Report that she prepared for Plaintiff's criminal case. Among other things, Plaintiff claims that Defendant "fraudulently" stated that he had three previous felony convictions, had a dishonorable military discharge and was unemployed. Plaintiff further alleges that Defendant "repeatedly lied on the good character and antecedents of the plaintiff. She misrepresented the plaintiff and slandered him severely. She did not hesitate to request he be incarcerated for the maximum time allowed by law which was subsequently granted." (Compl., 3, docket #1.)

Plaintiff claims that Defendant's actions violated state law and constituted criminal conduct under 18 U.S.C. § 1001 (falsify concealing or covering up a material fact in any matter within the jurisdiction of the United States) and 18 U.S.C. § 1623 (false declaration before grand jury). Plaintiff asks the Court to fine Defendant $10,000 and sentence her to imprisonment of five years. He also seeks monetary damages of $250,000.

The 56-A District Court is immune from suit under Eleventh Amendment principles. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued.  A state's Eleventh Amendment immunity from suit in the federal courts is in the nature of a jurisdictional defense. *See Edelman v. Jordan*, 415 U.S. 651, 678 (1974).  The Court may therefore raise Eleventh Amendment immunity on its own motion. *See Estate of Ritter v. Univ. of Mich.*, 851 F.2d 846 (6th Cir. 1988).  The district courts of the State of Michigan are clearly arms of the state and are therefore immune from suit.  Under the Michigan Constitution, the judiciary is a separate and independent branch of state government.  *See Judicial Attorneys Ass'n v. State of Michigan*, 586 N.W.2d 894, 897-98 (Mich. 1998).  Each state court is part of the "one court of justice" established by the Michigan Constitution. MICH. CONST. art. VI, § 1; *see Smith v. Oakland County Circuit Court*, 344 F. Supp.2d 1030, 1055 (E.D. Mich. 2004).  The district courts are part of the state government, not the county or the city.  *Judges of the 74th Judicial Dist. v. Bay County*, 190 N.W.2d 219, 224 (Mich. 1971).  The Sixth Circuit has squarely held that suits against Michigan courts are barred by Eleventh Amendment sovereign immunity.  *See Abick v. State of Michigan*, 803 F.2d 874 (6th Cir. 1986). The Sixth Circuit's decision is but one of numerous federal court holdings recognizing Eleventh Amendment immunity in suits brought against the state courts.  *See Harmon v. Hamilton County Court of Common Pleas*, 83 F. App'x 766, 768 (6th Cir. 2003); *Metz v. Supreme Court of Ohio*, 46 F. App'x 228, 236-37 (6th Cir. 2002); *Mumford v. Basinski*, 105 F.3d 264, 268-70 (6th Cir. 1997); *see also Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007); *Zabriski v. Court Admin.*, 172 F. App'x 906, 908 (11th Cir. 2006); *Wilson v. Puma County Superior Court*, 103 F. App'x 285, 286 (9th Cir. 2004); *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995).

Furthermore, civil rights actions under 42 U.S.C. § 1983 may only be brought against a "person," and courts are clearly not persons within the meaning of the statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The 56-A District Court must therefore be dismissed on grounds of Eleventh Amendment immunity.

Defendant Hoogstra is immune from Plaintiff's damage suit under the doctrine of quasi- judicial immunity. It is well settled that judges, in the performance of their judicial functions, are absolutely immune from civil liability. *Stump v. Sparkman*, 435 U.S. 349, 363 (1978). Whether a judge or some other official is entitled to absolute immunity in a given case turns on a "functional" analysis. *Harlow v. Fitzgerald*, 457 U.S. 800, 810-11 (1982). The touchstone for applicability of absolute judicial immunity is "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Burns v. Reed*, 500 U.S. 478 (1991) (Scalia, J., concurring). Absolute judicial immunity is extended to non-judicial officers who perform "quasi-judicial" duties. Quasi-judicial immunity should be granted to state officials when (1) their positions are akin to that of judges; (2) the potential for vexatious lawsuits is great; and (3) enough safeguards exist to protect the complainant's constitutional rights. *Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1421 (6th Cir. 1996); *see also Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994) (functional approach to quasi-judicial immunity).

Federal courts repeatedly have held that preparing a presentence report is a quasi-judicial function for which a probation officer is absolutely immune from suit. *See Peay v. Ajello*, 470 F.3d 65 (2d Cir. 2006); *Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996); *Turner v. Barry*, 856 F.2d 1539, 1540-41 (D.C. Cir. 1988) (per curiam); *Demoran v. Witt*, 781 F.2d 155, 157-58 (9th Cir. 1985); *Hughes v. Chesser*, 731 F.2d 1489, 1490 (11th Cir. 1984); *Spaulding v.*

*Nielsen*, 599 F.2d 728, 729 (5th Cir. 1979). *See also Loggins v. Franklin County, Ohio*, 218 F. App'x 466, 476-77 (6th Cir. 2007) (probation officer was entitled to quasi-judicial immunity from probationer's civil rights claim that officer falsely advised judge that arrest warrant for probationer had been issued when it was actually forthcoming); *Timson v. Wright*, 532 F.2d 552 (6th Cir. 1976) (chief probation officer shielded by quasi-judicial immunity). Because Plaintiff's claims against Defendant Hoogstra arise from her preparation of a presentence report, she is entitled to absolute judicial immunity.

Moreover, the decision to institute criminal proceedings in this situation lies entirely within the discretion of the prosecutor and not the courts.

## **Recommended Disposition**

Both Defendants are clearly immune from Plaintiff's damage suit in the federal courts. I therefore recommend that Plaintiff's complaint be dismissed with prejudice on grounds of immunity pursuant to 28 U.S.C. § 1915(e)(2). I further recommend that leave to appeal *in forma pauperis* on appeal be denied pursuant to 28 U.S.C. § 1915(a)(3).


Dated: June 2, 2008                                /s/ Hugh W. Brenneman, Jr.
                                                   HUGH W. BRENNEMAN, JR.
                                                   United States Magistrate Judge


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).